# Prudential Ins. Co. of America v. Ashley.

(Decided June 19, 1936.)

JOHN E. SHEPARD and DYSARD & TINSLEY for appellant.

HANNAH, VAN SANT & McKENZIE for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

This appeal is from a $12,000 judgment entered upon a verdict returned by nine jurors in an action upon a contract of insurance upon the life of appellee's former husband. This was the second trial of the case, the jury upon the former trial having been unable to agree.

This policy contained this provision:

> "If within two years from the date hereof the insured, whether sane or insane, shall die by suicide, the liability of the company shall not exceed the amount of the premiums paid on this policy."

Defendant in its answer pleaded:

> "Defendant says that the insured did commit suicide on the 8th day of April, 1934, by shooting himself with a pistol in the right temple, and that at the time the insured did commit suicide he possessed mind enough to, and did in fact realize and contemplate the results of his act and committed such act with the intention to produce his death."

On June 22, 1934, the insurance company tendered to Bessie Ashley the premiums that had been paid it on this policy with interest thereon and the costs incurred to that time, which she declined to accept, and these sums were paid into court.

A copy of the death certificate from the bureau of vital statistics certified under seal by the registrar was introduced, in which the cause of death is given as: "Suicide. * * * Pistol shot through his head * * * while seated in an automobile." By section 2062a-21, Ky. Stats., that copy is made "prima facie evidence in all courts and places of the facts therein stated."

The coroner's jury found:

"We, the jury called and sworn to investigate the death of J. Raymond Ashley, find that said Ashley came to his death from a pistol shot through his head inflicted by his own hand."

We have examined carefully the three volumes of evidence and find nothing to overcome these things, on which anything more than a suspicion can be rested.

Therefore, it follows this verdict is not only flagrantly against, and without support in, the evidence, but defendant was entitled to a directed verdict. Other questions are reserved.

Judgment reversed.

The whole court sitting.